IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANGELO GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-13-1084-R |
| ) | |
| JIM FARRIS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a federal writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction in a prison disciplinary action. Respondent has filed a Motion to Dismiss. ECF No. 13. It is recommended that Respondent's Motion to Dismiss be **GRANTED.**

## PROCEDURAL BACKGROUND

Pursuant to an order by United States District Judge David L. Russell, this matter was referred to the undersigned for preliminary review and for the preparation of proposed findings and recommendations as to dispositive matters. On October 31, 2013, after a preliminary review, the undersigned recommended that the action be dismissed on filing as procedurally defaulted, based on Petitioner's failure to timely exhaust available state court remedies. ECF No. 6. The undersigned reached this conclusion because Petitioner did not indicate in his Petition that he had even attempted to exhaust his State court remedies by seeking judicial review in the

Oklahoma County District Court and, if necessary, by filing an appeal in the Oklahoma Court of Criminal Appeals, as provided in Okla. Stat. tit. 57, § 564.1. Because the time allotted in the statute for filing a Petition for Judicial Review had expired, the undersigned concluded that Petitioner had not exhausted his State court remedies and was procedurally barred from doing so.

Petitioner objected to the Report and Recommendation. ECF No. 9. In his objection, Petitioner revealed for the first time that he had actually filed a timely Petition for Judicial Review in the Oklahoma County District Court as provided by Okla. Stat. tit. 57, § 564.1. ECF No. 9-1:28-29. He further revealed that he had attempted to appeal the Oklahoma County District Court's denial of relief by filing a Notice of Intent to Appeal directed to the Oklahoma Court of *Civil* Appeals, ECF 9-1:31 (emphasis added), even though Okla. Stat. tit. 57, § 564.1(E) clearly directs parties aggrieved by the judicial review of prison disciplinary proceedings to file their appeals in the Oklahoma Court of *Criminal* Appeals (emphasis added). The Oklahoma Supreme Court dismissed Petitioner's appeal on September 16, 2013, because it was untimely and brought in the wrong court. ECF 9-1:41. Petitioner argued that his failure to timely perfect his appeal was through no fault of his own. Rather, he claims the Clerk of the Oklahoma County District Court did not send him a certified copy of the district court's denial of relief upon review of the evidence regarding Petitioner's prison disciplinary proceedings. ECF No. 9:5. He further faults the District Court Clerk for not transmitting the record on appeal to the Oklahoma Court of Criminal Appeals, ECF No. 9:8, even

though, Petitioner himself had directed his notice of appeal to the Oklahoma Court of Civil Appeals. ECF No. 9:9. Petitioner contends that he could demonstrate cause and prejudice to overcome his procedural default. In the alternative, Petitioner argues that his habeas petition demonstrates a "fundamental miscarriage of justice" in that he is "actually innocent" of the charges lodged against him in the prison disciplinary proceedings. ECF No. 9:10.

Based on evidence existing at the time Petitioner filed his complaint, but revealed for the first time in his Objection to the first Report and Recommendation, Judge Russell declined to adopt the first Report and Recommendation and recommitted the case to the undersigned to determine whether Petitioner can demonstrate cause and prejudice sufficient to overcome the procedural bar. ECF No. 10:4. The relevant issue is whether Petitioner's disciplinary conviction was based on sufficient evidence.

## ANALYSIS

State habeas petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). *See also Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies.") (citation omitted). The exhaustion requirement may be excused if exhaustion would be futile, i.e., there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." *Magar*, 490 F.3d at 818 (citations omitted).

As discussed above, Oklahoma law provides an available state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary conviction. *See* Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); *see also Magar*, 490 F.3d at 818-819 (Oklahoma provides judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See* Okla. Stat. tit. 57, § 564.1(D)(1)-(7). Petitioner's due process claims fall within the ambit of Oklahoma's statutory judicial review procedure provided in § 564.1.

Respondent contends that because Petitioner failed to timely perfect his appeal in the Oklahoma Court of Criminal Appeals, he is now procedurally barred from pursuing his federal claims. ECF No. 13:6-7. Respondent is correct that a procedural default of available administrative and/or state judicial remedies generally bars the prisoner from asserting the same claims in a federal habeas proceeding. *See Magar*, 490 F.3d at 819 (finding a habeas petition under Section 2241 subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review") (citations omitted).

Petitioner's procedural default may be excused only if he demonstrates: (1) cause for the default and actual prejudice from the alleged violation of federal law, or

4

(2) a fundamental miscarriage of justice would result from the failure to consider his claims. *Id*.

In his objection, Petitioner claims the failure to timely file his appeal with the OCCA was attributable to no fault on his part. As discussed above, Petitioner faults the Clerk of the Oklahoma County District Court for his failure to perfect his appeal.

This Court need not decide whether Petitioner has shown sufficient cause, however, because Petitioner fails to satisfy the prejudice component of the exception to procedural bar. Compare *Steele v. Young*, 11 F.3d 1518, 1522 n. 7 (10th Cir. 1993) (where petitioner could not show cause for his procedural default, there is no need to consider the prejudice element).

For a habeas petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As set forth above, Petitioner claims he was denied due process in the context of his prison disciplinary proceedings in that Petitioner claims no evidence supported his disciplinary conviction.

The record shows that Petitioner lost 365 earned credits as a result of a disciplinary offense conviction for Individual Disruptive Behavior. ECF No. 9-1:18. Petitioner was charged with possession of a cell phone. ECF No. 9-1:2-4. Two staff members submitted Incident Reports on April 18, 2012, describing a phone call received in the dialysis clinic from a line outside the prison phone system. The caller identified himself as "Gordon," and the dialysis technician recognized the voice as that of

Petitioner. The caller asked the technician to give a message to two other prisoners in the dialysis clinic, warning them that prisoners exiting the dialysis clinic were being strip searched. ECF No. 13-3; 13-4. An Offense Report charging Petitioner with possession of a cell phone was prepared, and Petitioner indicated on the form that a copy was given to him on May 23, 2012. ECF No. 13-5. Petitioner was found guilty at the disciplinary hearing held on May 29, 2012 (ECF No. 13-7). On appeal to the Administrative Review Authority, Debbie L. Morton, the Designee for the Director, found that Petitioner had not received due process because the report of the disciplinary hearing did not identify his offense. She requested a rehearing at the facility level. ECF No. 13-9. A rehearing was held on October 2, 2012, and Petitioner was again found guilty. This time, the disciplinary hearing officer identified the offense and clearly recited the evidence upon which his finding was based:

> There is some evidence that Gordon # 256692 was in possession of a cell phone, due to the fact that the call that was made was not from the offender phone system.

ECF No. 13-12:4. On appeal of the second finding of guilt, the Administrative Review Authority concurred with the decision of the disciplinary hearing officer. ECF No. 13-13:3.

The Tenth Circuit Court of Appeals has long recognized that "an inmate's liberty interest in his earned good time credits cannot be denied "without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (*quoting Ponte v. Real*, 471 U.S. 491,

495 (1985)). Because prison disciplinary proceedings are not part of a criminal prosecution, however, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. at 556. Rather, the inmate's right to due process in a disciplinary proceeding requires only that he receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). Additionally, the factfinder's conclusions must be supported by "some evidence in the record." *Id.* Determining whether the "some evidence" standard has been met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455-56. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The disciplinary decision can be upheld by a reviewing court even if the evidence supporting the decision is "meager." *Id.* at 457.

Contrary to Petitioner's contention, the offense report and incident reports containing the statements describing the incoming phone call from a phone outside the prison system, made by a man recognized by voice and self-identified as Petitioner, constitute "some evidence" to support the disciplinary hearing officer's finding that Plaintiff had possessed a cell phone and had made the call to the dialysis clinic. *Cp.*

7

*Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (offense report explicitly describing conduct provided evidence in support of finding of guilt); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (misconduct report was "some evidence" sufficient to support conviction for possession of drug paraphernalia on a theory of constructive possession). As the Oklahoma County District Court found:

> In this case, the hearing officer clearly had "some evidence" upon which to base his decision, including the following: that an offense report was completed on October 4, 2012 stating that Petitioner "was in possession of a cell phone."

ECF No. 13-16:2.

Accordingly, Petitioner has not shown the actual prejudice necessary to overcome procedural default of his claim, nor has he shown that failure to consider his claims will result in a fundamental miscarriage of justice. *See e.g., Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir.1995) (requiring showing of factual innocence to establish fundamental miscarriage of justice). Therefore, Respondent's Motion to Dismiss should be granted and the Petition dismissed on the basis of procedural default.

In assessing whether Petitioner has shown prejudice sufficient to overcome procedural default of his claims, the Court has necessarily addressed the merits of Petitioner's claims. Therefore, in the alternative, Petitioner's claims should be denied on the merits.

## RECOMMENDATION

In light of the foregoing, it is recommended that Respondent's Motion to Dismiss this action, **ECF No. 13** be **GRANTED**. Petitioner is hereby advised of his right to file

an objection to this Report and Recommendation with the Clerk of this Court by **September 4, 2014** in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned, and thus the referral is terminated.

**ENTERED** on August 18, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE