# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| **DEANGELO GORDON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIV-13-1084-R |
| | ) | |
| **JIM FARRIS** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus and challenging a disciplinary conviction that resulted in the loss of good time credits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On October 31, 2013, Judge Erwin issued a Report and Recommendation wherein he recommended the action be dismissed upon filing as procedurally defaulted. The Court declined to adopt the Report and Recommendation upon objection because Petitioner, for the first time, asserted that he had attempted to exhaust his state court remedies. The Court remanded the matter to Magistrate Judge Erwin who issued a second Report and Recommendation on August 18, 2014, recommending that Respondent's Motion to Dismiss be granted, because Petitioner had failed to overcome the procedural bar that applied because he had not completely exhausted his state court remedies. On October 28, 2014, Petitioner filed an objection, giving rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which

Petitioner specifically objects. Having considered the Report and Recommendation and the objection thereto, the Court finds as follows.

Judge Erwin recommends dismissal again because Petitioner has not properly exhausted his state court remedies. Specifically, as set forth in the Report and Recommendation, he attempted to appeal the denial of his petition by the District Court of Oklahoma County, but improperly submitted his appeal to the Oklahoma Court of Civil Appeals. The Oklahoma Supreme Court further determined that Petitioner's attempt at appeal was untimely. As a result, Judge Erwin determined that Petitioner is barred from seeking relief on his claims, unless he can show cause and prejudice for his failure to properly exhaust or that failure to consider his claims will result in a fundamental miscarriage of justice. Judge Erwin concluded that Petitioner could not establish either prejudice or a fundamental miscarriage of justice, because there was some evidence to support the conviction. Petitioner objects to this contention, in part because he contends the hearing officer relied on hearsay evidence.

Petitioner's objection first addresses the cause prong of the cause and prejudice basis for avoiding procedural default. The Report and Recommendation, however, did not address cause, concluding that it was not necessary in light of Petitioner's inability to meet the prejudice prong. As such, the Court does not consider the cause prong, and Petitioner's attendant argument that state court's error deprived him of an appeal during court proceedings to challenge his prison disciplinary conviction.

2

First, Petitioner's reliance on *United States v. Jones*, 49 F.3d 628m 633-34 (10th Cir. 1995), was inappropriate, as it involved a criminal prosecution not a prison disciplinary hearing. *See Howard v. United States Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir.2007) *(quoting Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir.1996).* The "some evidence" standard appropriately cited by Judge Erwin allows this Court to affirm a disciplinary conviction even if the evidence supporting the decision is meager. *Mitchell*, 80 F.3d at 1445. Furthermore, judicial review does not require the weighing of evidence, it is not the province of the Court to "address the validity of [the] evidence." *Id.*

Accordingly, the fact that Petitioner was not found with the cellular telephone is not outcome determinative. Rather, the prison was permitted to rely on the fact that a caller who identified himself as Gordon placed a call to the dialysis clinic from an external telephone line, and warned offenders about shakedowns occurring upon return to the general population. The hearsay statement about which Petitioner complains is contained in the written Incident/Staff Report dated April 18, 2012, wherein the corrections officer, Shea Samuel, stated that

> on the above date and approx time I (Cpl Shea) was informed of a phone call made to dialysis from an outside line from Offender Gordon D. (256692). The Dialysis Tech on duty answered the phone and recognized Gordon's voice. As he was trying to get a message to other RTHU Offenders to not "ride out dirty" due to offenders from dialysis being strip searched.

In the Incident Report signed by Dawn Witcher, the employee who answered the phone in the dialysis unit, it states:

> On the above date and approx. time the phone rang in the dialysis clinic I answered the phone the person on the other line asked for Lesa I said she was checking the water could I take a message the caller said this is Gordon tell JD and Bobb that they are strip searching us when we leave so don't leave dirty. I said OK I will tell Lesa and hung up. As soon a she returned I reported what was said to Lesa Hick my supervisor.

Contrary to Petitioner's claims, it is permissible to rely upon hearsay evidence, such as a written incident report or the statement by Witcher to Samuels, in a prison disciplinary proceeding. Accordingly the fact that the DHO relied upon the statement in the second incident report that the dialysis technician recognized Gordon by name does not undermine his disciplinary conviction, even though the incident report she signed does not contain that same information. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Here, the DHO's decision to revoke 365 days of Petitioner's good time credits has evidentiary support in the record. Accordingly, petitioner's due process claim based on the alleged insufficiency of the evidence in his disciplinary proceeding fails and thus he cannot establish either prejudice or a fundamental miscarriage of justice so as to overcome the procedural bar.

The Court hereby adopts the Report and Recommendation of the Magistrate Judge and the Respondent's Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED this 16th day of December, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE